**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Bankers Insurance Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 2:08-2285-PMD |
| v. | ) | |
| | ) | |
| Ruben A. Prezzy, IV, as Personal | ) | |
| Representative of the Estate of | ) | |
| Kenyon Devonte Prezzy Scales, | ) | **ORDER** |
| And Kenyon C. Prezzy, as Personal | ) | |
| Representative of the Estate of | ) | |
| Jessie Prezzy, and as Personal | ) | |
| Representative of the Estate of | ) | |
| Synethia Prezzy, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This case arises out of an unfortunate house fire that occurred at the residence of Ms. Jessie Prezzy, which killed her, her daughter, Defendant Synethia Prezzy, and her grandson, Defendant Kenyon Devonte Prezzy Scales. Both Defendants, through the personal representatives of their estates, have filed wrongful death and survival actions against Jessie Prezzy, based on her alleged negligence. Plaintiff Bankers Insurance Company ("Plaintiff") seeks a declaration as to whether or not a homeowner's insurance policy it issued Jessie Prezzy, which was in effect on the date of the fire, provides liability insurance coverage for the deaths of her daughter and grandson.[1] Plaintiff's Motion for Summary Judgment is before the court, and for the following reasons, the court grants the motion.

---

[1] Bankers Insurance Company's Motion for Summary Judgment referred to Synethia Prezzy as the daughter of its insured, Jessie Prezzy, while Defendants' Response in Opposition referred to Synethia Prezzy as the granddaughter of Jessie Prezzy. Since the parties stipulated to the fact that Synethia Prezzy was the daughter of Jessie Prezzy, the court considers her as such in this Order. (Pl.'s Mot. for Summ. J. Ex. D.)

# LEGAL STANDARD FOR SUMMARY JUDGMENT

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

# ANALYSIS

Plaintiff contends that the claims brought by the Defendants against its insured, Jessie Prezzy, are excluded under her homeowner's policy; therefore, it is not obligated to provide liability coverage in this case. The policy excludes from its personal liability coverage "'Bodily injury'[2] to you or an 'insured' as defined under Definitions 5.a. or b," and under section 5.a.1, the term "insured" is defined as, "You and residents of your household who are your relatives." For purposes of this declaratory judgment action, the parties have stipulated to the fact that, on the date of the accident, both Defendants resided with Jessie Prezzy. Since both Defendants resided with Jessie Prezzy and were relatives of hers, Plaintiff asks the court to find as a matter of law that its policy does not provide liability coverage to Jessie Prezzy for Defendants' claims.

---

[2] The policy's definition of "Bodily injury" includes death.

In opposition, Defendants ask the court to apply the doctrine of reasonable expectations to find coverage in this case, as "[t]he reasonable expectations of any homeowner's policyholder would be that deaths due to a house fire would be covered under the policy." (Mem. in Opp. at 4.) Contrary to Defendants' arguments, South Carolina courts have continuously refused to incorporate the doctrine of reasonable expectations into South Carolina insurance law. *Ex parte United Servs. Auto. Ass'n*, 365 S.C. 50, 54, 614 S.E.2d 652, 654 (Ct. App. 2005) (citing *Allstate Ins. Co. v. Mangum*, 299 S.C. 226, 231–32, 383 S.E.2d 464, 466–67 (Ct. App. 1989)). Therefore, the court cannot entertain Defendants' argument.

"In South Carolina insurance policies are subject to the general rules of contract construction." *Allstate Ins. Co. v. Mangum*, 299 S.C. 226, 231, 383 S.E.2d 464, 467 (Ct. App. 1989) (citation omitted). "If the intention of the parties is clear, the Courts have no authority to change the contract in any particular and have no power to interpolate into the agreement between the insurer and the insured, a condition or stipulation not contemplated by the parties." *Id.*, 283 S.E.2d at 467 (internal quotation omitted). The clear and unambiguous language of Plaintiff's policy excludes from its liability coverage any bodily injury to a relative residing with the insured, Jessie Prezzy. Since there is no dispute that both Defendants were relatives of, as well as residents of the same household of, Jessie Prezzy, Defendants' claims are excluded from the her policy's coverage. *See Allstate Ins. Co. v. Mangum*, 299 S.C. 226, 231, 383 S.E.2d 464, 467 (Ct. App. 1989) (affirming a trial court's finding that a policy with similar language excluded from its liability coverage claims by a daughter's estate against her insured father's estate).

## **CONCLUSION**

Based on the foregoing, it is **ORDERED** that Plaintiff Bankers Insurance Company's Motion for Summary Judgment is **GRANTED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**October 27, 2009**
**Charleston, SC**